**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 21-140-DLB**

**GORDON C. REID,**                                                                   **PETITIONER**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**SUFFOLK CO. PROBATION DEPT., MA,**                        **RESPONDENT**

*** *** *** ***

Petitioner Gordon C. Reid is a federal prisoner currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Reid has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) and has paid the $5.00 filing fee. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.[1]

In December 2006, Reid was convicted by a jury in the United States District Court for the District of New Hampshire of one count of Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a) (Hobbs Act Robbery). On February 1, 2008, Reid was sentenced to a term of imprisonment of 220 months. *United States v. Reid*, No. 1:05-CR-057-SM-1 (D. N.H. 2005).

At the time of his federal conviction, Reid had a prior conviction in the Commonwealth of Massachusetts for assault with intent to murder in violation of Mass. Gen. Laws ch. 265, §18(b). *See Reid v. USA*, No. 1:16-cv-310-SM (D. N.H. 2016) at Doc.

---

[1] A petition will be denied on initial screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

# 4;  *See also Com. v. Reid*, 63 Mass. App. Ct. 1104, 823 N.E.2d 435 (2005) (citing *Com. v. Reid,* 46 Mass. App. Ct. 1120 (1999)).[2]  Reid's § 2241 petition concerns a detainer lodged with the Bureau of Prisons ("BOP") by the Suffolk County (Massachusetts) Probation Department due to Reid's violation of the terms of his probation related to this state conviction as a result of his arrest for his federal charges.

In his § 2241 petition, Reid claims states that the detainer lodged by the Suffolk County Probation Department referred to Reid's prior conviction for armed assault with intent to murder.  (Doc. # 1).  According to Reid, after he filed a motion in the Suffolk County Superior Court in 2020 requesting that the Court "resolve" the detainer, the Probation Department informed the Superior Court that Reid was wanted for violating the terms of his probation related to a prior conviction for armed assault with intent to rob. (*Id*. at 3-5).[3]  Reid further states that, although he informed the Court that he had never been charged with and/or prosecuted for armed assault with intent to rob, the Court

---

[2]     The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

[3]     Reid does not dispute that he was previously convicted of assault with intent to murder in violation of Mass. Gen. Laws ch. 265, §18(b).  Rather, he argues that the Probation Department misrepresented the nature of his underlying conviction as being assault with intent to rob, rather than assault with intent to murder.  However, the statute of Reid's conviction does not distinguish between assault with intent to rob or murder, stating as follows:

§ 18. Assault with intent to *rob or murder*; weapons; punishment; victim sixty years or older; minimum sentence for repeat offenders
...
(b) Whoever, being armed with a dangerous weapon, assaults another with intent to *rob or murder* shall be punished by imprisonment in the state prison for not more than twenty years. Whoever, being armed with a firearm, shotgun, rifle, machine gun or assault weapon assaults another with intent to *rob or murder* shall be punished by imprisonment in state prison for not less than five years and not more than 20 years.
*See* Mass. Gen. Laws ch. 265, § 18 (emphasis added).

denied his motion for relief from the detainer. (*Id*. at 6). Reid states that he "immediately posted a 'Notice of Appeal' to the Court," and, after he did not receive a response, filed a second Notice of Appeal. (*Id*.). Again receiving no response, he filed a "Petition in the Nature of Mandamus" with the Massachusetts Appeals Court and then with the Supreme Judicial Court of Massachusetts, but did not receive a response from either Court. (*Id*.).

In addition, Reid argues that the Suffolk County Probation Department has waived or otherwise forfeited the right to "prosecute" a detainer against Reid under the due process clause. (*Id*. at 4). Reid states that, while the detainer alleges that Reid violated the terms of his probation when he was arrested for his federal Hobbs Act Robbery charge in 2005, it was not filed until almost a year after his federal arrest, nor did anyone make any effort "to bring him forward" on the detainer. (*Id*.)

Based on these arguments, Reid requests that this Court nullify the detainer lodged against him by the Suffolk County Probation Department. However, for the reasons stated herein, Reid's § 2241 petition will be denied because it is apparent that he is not entitled to relief.

While Reid does not specifically invoke the Interstate Agreement on Detainers Act ("IAD" or "IADA") by name, his allegations that a detainer was lodged against him by the Commonwealth of Massachusetts based upon a charge for which he has not been prosecuted is, in essence, a claim that the IAD has been violated. The IAD is an interstate compact entered into by the federal government and compacting states which "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different

3

crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001).  However, the IAD does not apply where the detainer is not based upon an original criminal charge, but for an alleged violation of the terms of probation or parole.  *Carchman v. Nash*, 473 U.S. 716, 726 (1985) ("We therefore conclude from the language of the Agreement that a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information, or complaint,' within the meaning of Art. III [of the IAD]."). *See also White v. United States*, No. 96-1298, 1997 WL 205615, at *2 (6th Cir. Apr. 24, 1997) ("White was not protected by the IAD because the IAD did not apply to the parole violation charges.").  Thus, because the Massachusetts detainer is based upon an alleged violation of the terms of Reid's probation, the IAD does not apply.

Moreover, federal habeas relief under 28 U.S.C. § 2241 is not available based upon an asserted violation of the IAD unless "the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994).  *See also Everett v. Bergh*, 477 F. App'x 325, 327 (6th Cir. 2012) (recognizing that petitioner's claim that "the State violated the [IAD] by returning him to federal custody without trying him first and by taking too long to bring him to trial" is not cognizable on federal habeas review); *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) ("[A]lleged violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceedings…the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers."); *Metheny v. Hamby*, 835 F.2d 672 (6th Cir. 1987) ("[A] claimed violation of Article IV(e) of the IAD is not a fundamental defect which is cognizable

4

under 28 U.S.C. § 2254."). Here, Reid does not dispute that he was previously convicted of assault with intent to murder, nor that his federal arrest violated the terms of his probation related to that conviction. Rather, he argues that, when he challenged the validity of the detainer in Massachusetts Superior Court, the Probation Department misrepresented the nature of his underlying conviction as being assault with intent to rob rather than murder. The Superior Court's rejection of this challenge does not qualify as a "fundamental defect which inherently results in a complete miscarriage of justice," *Reed*, 512 U.S. at 348, which would warrant federal habeas relief.

Finally, Reid's request for "nullification" of the Massachusetts detainer seeks dismissal of the underlying probation violation charge, which is relief that this Court has no authority to grant. *Cf. Mokone v. Fento*, 710 F.2d 998, 1003 (3d Cir. 1983) ("only the courts of the indicting state can enter an order that would effectively void the criminal charge" based on a violation of the IADA). Rights under the IADA are only properly asserted as a defense to the continued prosecution of charges in the underlying criminal proceeding itself, not in ancillary proceedings in a separate court challenging the detainer resulting from the charges. *Cf. Phipps v. Kentucky States Parole Bd.*, No. 13-60-GFVT, 2013 WL 5964678, at *2 (E.D. Ky. Nov. 7, 2013) ("If Phipps wants the KPB detainer quashed, he must file an action in the Kentucky state courts under the [IADA]."); see also *Davenport v. Kentucky*, No. 16-210-GFVT, 2016 WL 7446389 (E.D. Ky. Dec. 27, 2016). That Reid's efforts to challenge the validity of the detainer in Massachusetts state court failed does not authorize this court to re-visit this decision and void his probation violation charge.

For all of these reasons, it is evident from Reid's § 2241 petition that he is not entitled to relief. Accordingly, it is **ORDERED** as follows:

(1) Reid's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) A corresponding Judgment will be entered this date.

This 22nd day of April, 2022.



Signed By:
*David L. Bunning* DB
United States District Judge

M:\DATA\ORDERS\PSO Orders\6-21-140 Memorandum.docx